**WO**                                                                                                                    LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Eugene Wuthrich, Sr., | ) | No. CV 04-2474-PHX-SMM (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants. | ) | |

This is a prisoner civil rights action. Presently pending is a "Motion Objecting to Order." See Dkt. #10. The Court will deny the motion.

**A.     Procedural History.**

Previously, the Court dismissed this action for failure to state a claim. See Dkt. #4. The Court found that Plaintiff's allegations implied the invalidity of his conviction for failing to register as a sex offender and that the action was premature because he had not shown a "favorable termination" of his conviction.

Plaintiff filed a notice of appeal. See Dkt. #8. He then filed the presently pending "Motion Objecting to Order," contending that the Court misread his pleadings and the Defendants "severely abused" him. See Dkt. #10.

Plaintiff then filed another notice of appeal. See Dkt. #11. His appeal was dismissed for failure to prosecute. See Wuthrich v. Arpaio, No. 05-15618 (9th Cir.) (Sept. 27, 2005 Ord.) (copy at Dkt. #13). Plaintiff then filed a motion to reinstate, which was denied without

prejudice to filing a renewed motion accompanied by the appellate filing fee and a response showing cause why this court should not be affirmed. Id. (Nov. 1, 2005 Ord.) (copy at Dkt. #15). It is unclear whether Plaintiff will file a renewed motion accompanied by the fee.

**B.    "Motion Objecting to Order"**

Because Plaintiff submitted his "Motion Objecting to Order" after entry of judgment, the Court must treat it either as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See American Ironworks & Erectors, Inc. v. North Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A Rule 59 motion must be filed within ten days of entry of judgment. FED. R. CIV. P. 59(e). Judgment was entered on February 4, 2005, and Plaintiff's post-judgment motion was received on May 4, 2005, or three months later. Consequently, the motion must be treated under Rule 60(b).

The district court is stripped of jurisdiction when a Rule 60(b) motion is filed after the filing of a notice of appeal. Katzir's Floor and Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). Plaintiff filed a notice of appeal (dkt. #8) and then filed his Rule 60(b) motion. Consequently, the Court must deny the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that the "Motion Objection to Order" (Dkt. #10), construed as a Rule 60(b) motion, is **denied**.

DATED this 2nd day of December, 2005.

_____
Stephen M. McNamee
Chief United States District Judge